UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 1:16-cv-804-TWP-MJD |
| v. | ) | |
| | ) | |
| CITY OF KOKOMO, INDIANA, and | ) | |
| NICHOLAS GLOVER, named in his | ) | |
| individual and official capacities. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Answer and Affirmative Defenses**

Come now Defendants, City of Kokomo and Nicholas Glover, in his individual and official capacities, by counsel, and answer Plaintiff's Complaint. In support thereof, Defendants states as follows:

1.      Plaintiff Christopher Frazier brings this action against the defendants, the City of Kokomo, Indiana, and Nicholas Glover, because of defendants' unlawful deprivation of the plaintiff's rights and privileges secured by the U.S. and Indiana Constitutions, and because defendants have engaged in unlawful retaliation and discrimination against the plaintiff. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation, damages, benefits, equitable and other relief under 42 U.S.C. § 1983 *et seq.* and under state law.

**Answer**:      Defendants admit Plaintiff has filed a lawsuit against Defendants, but deny committing any wrongdoing or violating Plaintiff's rights under the U.S. and/or Indiana Constitutions and deny Plaintiff is entitled to any compensation or damages.

JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 28 U.S.C. § 1367(a) (supplemental jurisdiction to entertain claim in Count II).

**Answer**: Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Venue lies within this district pursuant to 28 U.S.C. § 1391.

**Answer**: Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

PARTIES

4.      Plaintiff Christopher Frazier is an individual who resides in Kokomo, Indiana, within this district, and is a "person" within the meaning of 42 U.S.C. § 1983.

**Answer**: Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant City of Kokomo ("City") is an Indiana municipal corporation as defined in Indiana Code § 36-1-2-10 and is located in Howard County, Indiana. At all times material herein, the City has been a "person" within the meaning of 42 U.S.C. § 1983.

**Answer**: Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant Nicholas Glover is the Chief of the City's Fire Department ("Department"). At all times material herein, defendant Glover was actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation, and employment practices and policies of the Department. At all times material herein, defendant Glover has been a "person" within the meaning of 42 U.S.C, § 1983. Defendant Glover is named in his individual and official capacities and is personally liable for the violations of law and relief claimed herein.

**Answer**: Defendants deny Defendant Glover "is personally liable for the violations of law and relief claimed herein," but admit the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.


FACTS

7.      Plaintiff Christopher Frazier was hired as a fire fighter by the City and Department in 1999. He was promoted to Captain in 2007. Frazier has been an exemplary employee in the nearly 17 years he has worked for the City.

**Answer**: Defendants admit Plaintiff was hired as a fire fighter by the City and Department in 1999 and was promoted to Captain in 2007. Defendants deny Frazier has been an exemplary employee in the nearly 17 years he has worked for the City.


8.      Plaintiff Frazier is the elected president of the Professional Firefighters of Kokomo, International Association of Fire Fighters Local 396 (hereinafter "the Association" or

"Local 396"). The Association is a labor organization that represents fire fighters employed in the City's Fire Department, and protects and promotes their rights.

**Answer**: Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     In his capacity as President of Local 396, plaintiff Frazier has been active on behalf of the Association, speaking out as a citizen and as a representative on matters of public concern, including, but not limited to, the Department's fire and rescue operations, public safety, fire fighter working conditions, and contract negotiations.

**Answer**: Defendants are without sufficient information to admit or deny whether Plaintiff has been "active" during his time as union president on behalf of the Association, and therefore, must deny the same. Defendants admit that Plaintiff alleges he spoke "out as a citizen and as a representative on matters of public concern, including, but not limited to, the Department's fire and rescue operations, public safety, fire fighter working conditions, and contract negotiations" in November 2015.

10.     The City held mayoral elections in November 2015. Mayor Greg Goodnight ran for reelection to his third term as the City's mayor.

**Answer**: Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

4

11. Plaintiff Frazier submitted a letter to the editor of the local newspaper, the *Kokomo Tribune,* setting forth a [sic] "a fire fighter's view of public safety in the City of Kokomo." The letter identified Plaintiff Frazer as the president of Local 396 and stated that its purpose was to "educate the public prior to the November election of what has happened to the Kokomo Fire Department during the Goodnight administration."

**Answer**: Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The *Kokomo Tribune* published Plaintiff Frazier's letter to the editor on November 1, 2015. Plaintiff Frazier also posted the letter on the Association's Facebook page.

**Answer**: Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Plaintiff Frazier's letter to the newspaper listed actions taken by the City during Goodnight's administration that "significantly strained the Kokomo firefighters' ability to adequately protect you and loved ones." This list of public safety concerns outlined in the [sic] his letter included the impacts of: a reduction in the number of fire fighters; a reduction in the number of ambulances; a failure to staff one of the Fire Department's aerial trucks; the elimination of a rescue vehicle; a failure to properly staff a tanker truck; a reduction in the number of inspections conducted; a failure to follow a City Council approved annexation plan; and the City's insistence that fire fighters engage in beautification efforts as opposed to fire protection functions.

**Answer**: Defendants state that Plaintiff's letter/social media post speaks for itself.

14.     Plaintiff Frazier also detailed the City's efforts to frustrate Local 396's negotiations with the City.

**Answer**: Defendants state that Plaintiff's letter/social media post speaks for itself.

15.     Mayor Goodnight was re-elected as the City's Mayor on November 3. 2015.

**Answer**: Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Two days later, on November 5, 2015, defendant Chief Nicholas Glover filed a professional standards complaint against plaintiff Frazier, accusing him of disparaging the Kokomo Fire Department by writing the letter to the *Kokomo Tribune*. Defendant Glover also charged plaintiff Frazier with violating the City's social media policy, conduct unbecoming, discussing Department business outside the Department, and making false statements.

**Answer**: Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     After an administrative disciplinary hearing before the Board of Chiefs on November 16, 2015, the Board determined that plaintiff Frazier violated two Department rules: he had engaged in conduct unbecoming a member of the Department, and he had improperly discussed Department business with those outside the Department. The Board did not make a finding that plaintiff Frazier made false statements.

**Answer**: Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The Board of Chiefs recommended that plaintiff Frazier be issued a written reprimand, and receive corrective training, one day off, and the loss of promotional opportunities for a year.

**Answer**: Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     On December 10, 2015, defendant Chief Glover found President Frazier violated the same two Department rules as the Board of Chiefs, but issued plaintiff Frazier a suspension without pay for five (8-hour) days. Defendant Chief Glover consulted with the City's corporation counsel before issuing this discipline to determine the harshest punishment that he could give plaintiff Frazier which did not include an automatic right of administrative appeal under Indiana law.

**Answer**: Defendants admit that on or around December 10, 2015, defendant Chief Glover found Plaintiff violated the same two Department rules as the Board of Chiefs, but acted within his discretion and issued Plaintiff a suspension without pay for five (8-hour) days. Defendants further admit that during this time, Defendant Glover consulted with the City's Corporation Counsel.

20.     Plaintiff Frazier requested an appeal from the City's Board of Public Works. The Board denied his request on December 23, 2015. He has exhausted his administrative remedies.

**Answer**: Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.        The defendants had Plaintiff Frazier serve his suspension on February 24 and 26, 2016.

**Answer**: Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.        On March 11, 2016, at a meeting between Mayor Goodnight and the City's union leaders, after plaintiff Frazier expressed Local 396's concerns about fire fighter staffing levels related to safety, Mayor Goodnight expressed animus toward plaintiff Frazier and Local 396, claiming fire fighters do not work hard enough to act as "scabs" who take other jobs on their days off.

**Answer**: Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     According to information provided to another Union official by the Fire Chief, on March 12, 2016, Mayor Goodnight called defendant Glover and threatened to take certain privileges away from the City's fire fighters if plaintiff Frazier spoke out in a public setting again.

**Answer**: Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     As a result of defendants' action, plaintiff Frazier has refrained from engaging in other speech on matters of public concern on behalf of himself and the Association.

**Answer**: Defendants deny any wrongdoing or violation of Plaintiff's constitutional rights. Defendants are without sufficient information to admit or deny whether Plaintiff has decided to refrain from engaging in speech on matters of public concern on behalf of himself and the Association.

COUNT I: VIOLATION OF FREEDOM OF SPEECH (U.S. CONSTITUTION)

25.     Plaintiff re-alleges, and incorporates by reference herein, paragraphs 1 through and including paragraph 24 of this Complaint.

**Answer**: Defendants re-allege, and incorporate by reference herein, its answers to paragraphs 1 through and including paragraph 24 of this Complaint.

26.     The right of the plaintiff to speak freely on a matter of public concern is protected by the First Amendment and Fourteenth Amendments to the United States Constitution. The public has a vital interest in free and open discussion on issues of public importance.

**Answer**: Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Speech on matters of public safety, such as fire department staffing, emergency response times, and fire, rescue and emergency medical services apparatus and equipment availability, are matters of substantial public concern.

**Answer**: Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     At times material herein, plaintiff Frazier engaged in speech as a citizen and as a representative on behalf of himself, Local 396, and its members of matters of public concern, including, but not limited to, fire department staffing, emergency response times, and fire, rescue and emergency medical services apparatus and equipment availability, by submitting a letter to the editor of the Kokomo Tribune and posting the letter on Local 396's Facebook page.

**Answer**: Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Upon learning that plaintiff Frazier had engaged in speech on such matters of public concern, defendants City and Glover, individually, separately, and/or jointly, engaged in actions, omissions, and decisions, aimed at denying plaintiff's employment rights and protections granted him under law, including but not limited to investigating and suspending plaintiff Frazier without pay, and harassing and intimidating plaintiff, as alleged in this Complaint. These actions, omissions, and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to lose wages, compensation, entitlements and rights. In addition, these actions, omissions, and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to

cause, the plaintiff to suffer humiliation and harm to his reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which plaintiff seeks full damages and make whole relief.

**Answer**: Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Such actions, omissions, and decisions on the part of defendants City and Glover, individually, separately and/or jointly, including, but not limited to, investigation and suspension without pay, and harassing and intimidating plaintiff, were taken in response to, and in retaliation for, plaintiff's exercise of his constitutional and lawful rights of freedom of speech, in violation of plaintiff's rights safeguarded under the First and Fourteenth Amendments to the U.S. Constitution. The grounds and reasons offered by defendants for their adverse actions, omissions and decisions against the plaintiff were false and pretextual.

**Answer**: Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    The defendants' policies and actions, both on their face and as applied, have chilled and deterred plaintiff from further exercising his constitutional right of free speech.

**Answer**: Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The interests of the public, and City personnel, as well as the interests of plaintiff and current and future City employees, in a broad range of present and future expression, outweigh the limited impact, if any, of that exercise of free expression on the operations of the City and its Fire Department.

**Answer**: Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.


33.     Such actions, omissions, and decisions on the part of defendants City and Glover, individually, separately and/or jointly, including but not limited to, investigating and suspending plaintiff Frazier without pay, and harassing and intimidating plaintiff, were taken under the color of law, and such actions, omissions, and decisions have deprived the plaintiff of his rights, privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. § 1983, and for which liability and redress exist under 42 U.S.C. § 1983.

**Answer**: Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.


34.     Such unlawful actions, omissions, and decisions, as alleged herein, make the defendants City and Glover, fully liability to the plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of defendants. In addition, such unlawful actions, omissions, and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the defendant City, and were based on the policy, custom, and practice of the City.

**Answer**: Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Such unlawful actions, omissions, and decisions of defendants City and Glover, individually, separately and/or jointly, as alleged herein, were done in a knowing, willful, wanton, reckless, and bad faith manner, and which violate clearly established constitutional provisions and rights of which a reasonable person would have known.

**Answer**: Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

COUNT II: VIOLATION OF FREEDOM OF SPEECH (INDIANA CONSTITUTION)

36.     Plaintiff re-alleges, and incorporates by reference herein, paragraphs 1 through and including paragraph 35 of this Complaint.

**Answer**: Defendants re-allege, and incorporate by reference herein, the answers to paragraphs 1 through and including paragraph 35 of this Complaint.

37.     The Constitution of the State of Indiana provides:

No law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever: but for the abuse of that right, every person shall be responsible.

IND. CONST. ART. I, § 9. These state constitutional protections extend to public employees including fire fighters.

**Answer**: Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Plaintiff Frazier spoke out on matters of public concern and safety, including, but not limited to: fire department staffing, emergency response times, and fire, rescue, emergency medical services apparatus and equipment availability, by submitting a letter to the editor of the *Kokomo Tribune* and posting the letter on Local 396's Facebook page. Plaintiff Frazier also engaged in political speech by writing a letter to the editor about Mayor Goodnight's administration during his re-election campaign. Plaintiff Frazier's right to speak out freely, on behalf of himself and others, on these and other matters of public and political concern is protected by the Constitution of the State of Indiana. The public has a vital interest in free and open discussion on issues of public importance.

**Answer**: Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.


39.     Upon learning that plaintiff Frazier spoke out on such matters of public and political concern, defendants City and Glover, individually, separately and/or jointly, engaged in actions, omissions, and decisions, aimed at denying the rights and protections granted to plaintiff Frazier under law, including but not limited to, investigating and suspending plaintiff Frazier without pay and harassing and intimidating plaintiff. These actions, omissions and decisions of defendants City and Chief Glover individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause plaintiff Frazier to suffer humiliation and harm to his reputation, emotional and mental injuries, financial and other adverse consequences, for which he seeks full damages, injunctive, and make whole relief.

**Answer**: Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

14

40.    Such actions, omissions, and decisions of defendants City and Glover individually, separately and/or jointly, including, but not limited to, investigating and suspending plaintiff Frazier without pay, and harassing and intimidating plaintiff, were taken in response to, and in retaliation for, plaintiff Frazier's exercise of his constitutional and lawful rights to speak out about matters of public and political concern, in violation of plaintiff Frazier's rights safeguarded by the Constitution of the State of Indiana. Any grounds and reasons offered by defendants City and Glover for their adverse actions, omissions, and decisions against plaintiff Frazier are false and pretextual.

**Answer**: Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Such unlawful actions, omissions and decisions of defendants City and Glover, individually, separately and/or jointly, alleged herein, were done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional provisions and rights of which a reasonable person would have known.

**Answer**: Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court grant relief against each of the defendants, individually, severally, and/or jointly, as follows:

15

(a)     Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their constitutional and legal obligations, and deprived the plaintiff of his rights, privileges, protections, compensation and entitlements under law, as alleged herein;

(b)     Enter a permanent injunction restraining and preventing the defendants from continuing to discriminate and retaliate against plaintiff Frazier, from continuing to interfere with and infringe upon the rights of the plaintiff, and from otherwise violating their obligations under the U.S. Constitution and the law with respect to the plaintiff;

(c)     Order the removal of plaintiff Frazier's suspension and all related files and papers from his personnel record and order complete and accurate accounting of all of the compensation and relief to which the plaintiff is entitled;

(d)     Award the plaintiff monetary damages in the form of backpay compensation, benefits, unpaid entitlements, plus pre-judgment and post-judgment interest;

(e)     Award the plaintiff compensatory damages payable by the defendants, and punitive damages payable by the individual defendant, for the violations of plaintiff's rights and the harm to his reputation, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries he has suffered;

(f)     Award the plaintiff his reasonable attorneys' fees and the costs and the disbursements of this action; and

(g)     Grant such other legal and equitable relief as may be just and proper.

**Answer**: Defendants pray that Plaintiff take nothing by way of his Complaint.


## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all claims presented in this Complaint.

**Answer**: Defendants respectfully request a trial by jury.

## **AFFIRMATIVE DEFENSES**

Upon information and belief, and subject to a reasonable opportunity for investigation and discovery, Defendants assert the following affirmative defenses which may be raised at trial:

1.      Plaintiff has not stated a claim upon which relief can be granted.

2.      Plaintiff is not entitled to relief under *Monell*.

3.      Defendant Glover is entitled to qualified immunity.

4.      Defendants' actions were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual business needs.

5.      The City's interest as an employer, in promoting efficiency of the public services it performs through is employees, outweighed Plaintiff's interest as a citizen, in commenting upon the matter.

6.      Plaintiff's speech interfered with the normal operation of the City's business in efficient providing services to the public.

7.      Plaintiff's false speech is not protected.

8.      Defendants are immune from liability under common law, constitutional, and statutory privileges and immunities afforded under state and federal law.

9.      Defendants reserve the right to amend its affirmative defenses as additional information becomes known to it or its attorneys.

WHEREFORE, Defendants request the Court dismiss Plaintiff's claims and for all other just and proper relief.

Respectfully submitted,


 s/ Beth A. Garrison
Beth A. Garrison #25581-49
Corporation Counsel
CITY OF KOKOMO
100 S. Union St.
Kokomo, IN 46901
Telephone: 765.456.7440
Fax: 765.456.7571
Email: bgarrison@cityofkokomo.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this pleading was forwarded by United States Mail, postage prepaid, this 14th day of June, 2016, to the following:

John F. Kautzman
Ruckelshaus Kautzman
Blackwell Bemis & Hasbrook
107 North Pennsylvania St., Suite 900
Indpls., IN 46204

Sara L. Faulman
Woodley & McGillivary LLP
1101 Vermont Ave., N.W., Suite #1000
Washington, D.C. 20005

s/ Beth A. Garrison_____
Beth A. Garrison #25581-49
Corporation Counsel
City of Kokomo
100 S. Union St.
Kokomo, IN 46901

19